Lance Croffoot-Suede
Martin S. Bloor
Chris Howard
LINKLATERS LLP
1345 Avenue of the Americas
New York, NY 10105
(+1) 212 903 9000 (Tel)
(+1) 212 903 9100 (Fax)

*Attorneys for Alfredo Davis*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

ALFREDO DAVIS,

        Defendant.

------------------------------------x

11 CR 295 (AKH)

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION**

## TABLE OF CONTENTS

                                                                                      **Page**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................ 1

STATEMENT OF FACTS ..................................................................................................... 1

LEGAL STANDARD ............................................................................................................ 2

ARGUMENT .......................................................................................................................... 3

I.      IN DETERMINING THAT MR. DAVIS HAD AMPLE TIME TO
WEIGH HIS OPTIONS, THE COURT OVERLOOKED THE
RELEVANT TIME PERIOD ................................................................................... 3

II.     IN DETERMINING THAT MR. DAVIS' PLEA WAS VOLUNTARY, THE
COURT OVERLOOKED THE COMBINED EFFECT OF MR. DAVIS' THREE
REASONS FOR INVOLUNTARINESS ................................................................. 5

CONCLUSION ....................................................................................................................... 8

## TABLE OF AUTHORITIES

**Page**

### CASES

*Cucciniello v. Keller*,
137 F.3d 721 (2d Cir. 1998) ...................................................................................................3

*Shrader v. CSX Transp., Inc.*,
70 F.3d 255 (2d Cir. 1995) ......................................................................................................3

*Stevens v. City of New York*,
No. 10-CV-2172 (KBF) (JLC), 2012 U.S. Dist. LEXIS 165936 (S.D.N.Y. Nov. 14, 2012)..........2

United States v. Colson,
230 F. Supp. 953 (S.D.N.Y. 1964)......................................................................................4, 6

United States v. Franco,
No. 00 CR 300 (LMM), 2003 WL 21305352 (S.D.N.Y. June 6, 2003) ....................................6

United States v. Doe,
537 F.3d 204 (2d Cir. 2008) ....................................................................................................3

United States v. Moore,
No. 00 CR 1077 (LMM), 2004 WL 1542262 (S.D.N.Y. July 8, 2004)......................................6

United States v. Ramos,
No. 98-CR-1038 (SWK), 2005 WL 120230 (S.D.N.Y. Jan. 20, 2005) .....................................6

United States v. Rowe,
No. 02 CR 756 (LMM), 2005 WL 659197 (S.D.N.Y. Mar. 21, 2005) ..............................3, 4, 6

United States v. Smith,
No. 11-CR-724 (KMW), 2012 U.S. Dist. LEXIS 68054 (S.D.N.Y. May 15, 2012) ...................3

United States v. Tateo,
214 F. Supp. 560 (S.D.N.Y. 1963).......................................................................................4, 6

United States v. Yannotti,
457 F. Supp. 2d 385 (S.D.N.Y. 2006)..................................................................................2, 3

### STATUTES & RULES

Fed. R. Crim. P. 11(d)(2)(B)..........................................................................................................3

Local Crim. R. 49.1 .......................................................................................................................2

## PRELIMINARY STATEMENT

Defendant, Alfredo Davis, respectfully submits this motion for reconsideration of the Court's decision to deny Defendant's Motion to Withdraw His Guilty Plea ("Withdrawal Motion"). As set forth in greater detail below, Mr. Davis respectfully submits that the Court (i) overlooked the relevant time period in determining that Mr. Davis had "ample time to consider his case rationally," and (ii) overlooked the combined effect of Mr. Davis' proffered reasons for involuntariness. In light of these two circumstances, reconsideration is warranted.

## STATEMENT OF FACTS

Mr. Davis was indicted on August 8, 2011 and charged with six counts relating to the robbery of several small grocery stores in the Bronx, New York. (Docket No. 5). Mr. Davis pled not guilty to each count. (Docket Minute Entry 4/15/11). He was provided a court-appointed attorney, Jesse M. Siegel, who urged Mr. Davis to plead guilty. (Docket No. 81, Ex. B, Affirmation of Jesse M. Siegel ("Siegel Aff.") ¶¶ 2, 5). Mr. Davis repeatedly told his attorney that he did not want to plead guilty. (Docket No. 81, Ex. B, Affidavit of Alfredo Davis ("Davis Aff.") ¶ 2); (Siegel Aff. ¶ 3).

On April 18, 2012, the Government explained to Mr. Davis that if he continued to trial, the Government would file a superseding indictment that would expose him to a mandatory minimum jail term of 182 years. (Docket No. 81, Ex. A, at 2). Mr. Davis was adamant about pursuing his outstanding suppression motion and proceeding to trial. (Siegel Aff. ¶ 6). Nevertheless, Mr. Siegel again urged Mr. Davis that it would be in his best interest to plead guilty rather than go to trial. *Id.* at ¶ 5. At the urging of his attorney and under the threat of a possible 182 year sentence, Mr. Davis pled guilty on April 20, 2012. (Davis Aff. ¶ 5). During his allocution, the Court informed Mr. Davis that Jose Nales, one of his two-co-defendants, told

the Court that Mr. Davis did not commit a robbery for which he was charged. (Docket No. 54) (Plea Hearing Transcript, April 20, 2012 at 3:14-19). Mr. Davis immediately sought to withdraw his plea, and on August 7, 2012, the Court appointed the undersigned as counsel to represent Mr. Davis. (Docket Minute Entry 8/7/12).

Mr. Davis filed his motion to withdraw his guilty plea on October 10, 2012, alleging that three reasons combined to render his plea involuntary. (Docket No. 80, Withdrawal Motion). Mr. Davis argued that he did not have sufficient time to weigh his options rationally in light of: (i) the Court's statements at his plea allocution that Mr. Nales had exculpated him; (ii) the duress he was under as a result of facing a potential 182 year sentence if convicted; and (iii) the pressure put on him by his attorney at the time, Mr. Siegel, to plead guilty. The Court held a hearing on October 22, 2012 and issued its opinion denying Mr. Davis' Withdrawal Motion on November 29, 2012. (Docket No. 97, Order and Opinion Denying Motion to Withdraw Guilty Plea ("Op.")).

## LEGAL STANDARD

The decision to grant or deny a motion for reconsideration is within the discretion of the district court. *Stevens v. City of New York*, No. 10-CV-2172 (KBF) (JLC), 2012 U.S. Dist. LEXIS 165936, at *4 (S.D.N.Y. Nov. 14, 2012) ("It is no doubt true that motions for 'reconsideration' are asking that matters once considered be reconsidered due to, essentially, what could be error."). Although motions for reconsideration in criminal cases have traditionally been governed by Local Civil Rule 6.3, the Local Rules were recently amended to provide guidance regarding motions for reconsideration in criminal cases. *See* Local Criminal Rule 49.1 committee's note; *United States v. Yannotti*, 457 F. Supp. 2d 385, 388-89 (S.D.N.Y. 2006).

Under Local Criminal Rule 49.1(d), the movant must set forth the matters that counsel believes the Court has overlooked.

A court should therefore reconsider its prior decision if the movant "can point to controlling decisions or data that the court overlooked . . . and that might reasonably be expected to alter the conclusion reached by the court." *United States v. Smith*, No. 11-CR-724 (KMW), 2012 U.S. Dist. LEXIS 68054, at *10 (S.D.N.Y. May 15, 2012) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

A defendant may withdraw his guilty plea prior to sentencing upon showing a "fair and just reason" for the requested withdrawal. Fed. R. Crim. P. 11(d)(2)(B). Four factors are considered in determining whether a "fair and just reason" exists: the voluntariness of the plea; the time that elapsed between the plea and the motion; if the defendant claims his innocence; and if the government would be prejudiced by withdrawing the plea. *United States v. Doe*, 537 F.3d 204, 210 (2d Cir. 2008). In its opinion on November 29, 2012, the Court determined that Mr. Davis' Withdrawal Motion was timely filed and that the government would not be prejudiced if the guilty plea were withdrawn. Op. at 11.

## ARGUMENT

I. IN DETERMINING THAT MR. DAVIS HAD AMPLE TIME TO WEIGH HIS OPTIONS, THE COURT OVERLOOKED THE RELEVANT TIME PERIOD.

A defendant enters a plea knowingly and voluntarily when, *at the time he entered his plea*, he had sufficient time to fully reflect on his options with counsel. *See Cucciniello v. Keller*, 137 F.3d 721, 724 (2d Cir. 1998) ("The election to plead guilty requires notification of certain consequences in order to assure that the relinquishment of significant rights *at the time of the plea* is knowing and voluntary.") (emphasis supplied); *United States v. Rowe*, No. 02 CR 756 (LMM), 2005 WL 659197, at *7 (S.D.N.Y. Mar. 21, 2005) ("The Court is not able to conclude

3

that defendant, on [the date of the plea], was able to 'weigh his options rationally.'"); *United States v. Tateo*, 214 F. Supp. 560, 565 (S.D.N.Y. 1963) ("Of necessity we deal in probabilities in deciding whether the defendant, *at the time he pled guilty*, had that free will essential to a reasoned choice either to continue with the trial or to enter a plea of guilty.") (emphasis supplied).

Here, Mr. Davis pointed to three reasons that combined to render his plea involuntary when it was entered on April 20, 2012: (i) the Court's comment about Nales' efforts to exculpate him; (ii) the threat of a 182 year sentence if convicted; and (iii) the pressure put on him to plead guilty by his attorney.[1] Withdrawal Motion, at 7-10. Notably, the first reason did not exist until his plea allocution, as Mr. Davis did not hear the Court's comment concerning Nales' exculpatory statements until he stood before the Court on the day of his plea allocution. (April 20 Plea Tr. at 3:14-19). Yet, even though Mr. Davis' proffered reason manifested itself during his plea, the Court looked to "the *eight months* between [Mr. Davis'] indictment and plea allocution" to find that Mr. Davis could rationally weigh his options. Op. at 11 (emphasis supplied).

In starting the clock at the time Mr. Davis was indicted, the Court overlooked the relevant time period in this case, which is not how much time Mr. Davis had after indictment, but rather, how much time he had to weigh his options rationally after the Court's statements on April 20th concerning Mr. Nales. *See Rowe*, 2005 WL 659197, at *1 ("The 'ultimate question' on a motion to withdraw a plea is 'whether the defendant, *at the time he pled guilty*, had the free will essential to a reasoned choice.'") (quoting *United States v. Colson*, 230 F. Supp. 953, 955 (S.D.N.Y. 1964)) (emphasis supplied). Mr. Davis did not have eight months – or likely even eight minutes

---

[1] The pressure on Mr. Davis at the time was particularly acute given that his trial date was set for June 18, 2012. (Docket Minute Entry 3/9/12).

4

– to weigh his options after the Court advised Mr. Davis of Nales' statement. *See* April 20 Plea Tr. at 3-5.

The effect of Nales' statements was not, as the Court suggests, negated because "[t]his was . . . the first time that Davis learned or had heard of Nales' statements" regarding his innocence. Op. at 7. Rather, the Court's comments had a profound impact on Mr. Davis because it was the first time that the Court indicated to Mr. Davis it was considering Nales' comments. Up until that moment, the Court had been dismissive of Nales' comments, and Mr. Davis had no reason to think the Court had given them any weight. For instance, when Nales indicated at the arraignment that Mr. Davis was innocent and should not be charged with him, the Court told Nales:

> This is not the first case where one defendant wants to do something to benefit another defendant. It happens, not every time but enough times so I know that it happens.
> . . . .
> What you say to me will have zero effect on what Ms. Moyne had to do in this case. So all you do when you say things is possibly cause trouble for yourself. You don't want to do that. You are in enough trouble. Just keep quiet. That's my advice.

Apr. 15, 2011, Tr. at 7:17-19.

Thus, once the time frame is properly viewed from the very brief window between the time Mr. Davis heard the Court's comments concerning Nales and the time he pled guilty, it is apparent that Mr. Davis did not have sufficient time to calibrate his options rationally. *See* Withdrawal Motion, at 7-10.

II. **IN DETERMINING THAT MR. DAVIS' PLEA WAS VOLUNTARY, THE COURT OVERLOOKED THE COMBINED EFFECT OF MR. DAVIS' THREE REASONS FOR INVOLUNTARINESS.**

Reconsideration is also warranted because the Court overlooked its duty to engage in a totality of the circumstances analysis to determine whether Mr. Davis' three reasons for

5

involuntariness, in combination, were sufficient to justify withdrawal of his guilty plea. *See United States v. Ramos*, No. 98-CR-1038 (SWK), 2005 WL 120230, at *2 (S.D.N.Y. Jan. 20, 2005) (withdrawing guilty plea and noting that "plea proceeding cannot be analyzed in a vacuum"). To determine whether a plea is voluntary, a court must examine *all* the "psychological and other factors that may reasonably be calculated to influence the human mind," which necessarily requires considering the "plea of guilty against the totality of events and circumstances which preceded its entry." *United States v. Colson*, 230 F. Supp. 953, 955 (S.D.N.Y. 1964) (quoting *Tateo*, 214 F. Supp. at 565); *see also Rowe*, 2005 WL 659197, at *3 (noting the "totality of [the] circumstances" involved in deciding whether to permit withdrawal of a guilty plea).

Here, Mr. Davis offered three reasons that combined to render his plea involuntary. First, he was under the duress of a 182 year sentence if he proceeded to trial and was found guilty. Second, his attorney repeatedly urged him to plead guilty even though Mr. Davis made it clear throughout that he wished to proceed to trial. *See Tateo*, 214 F. Supp. at 565 (granting withdrawal where pressure from defendant's lawyer to plead guilty, among other factors, denied defendant "that capacity for reasoned choice, that freedom of will which is essential to a voluntary plea of guilty"). Finally, as Mr. Davis stood before the Court during his allocution, the Court indicated to Mr. Davis that it was considering Nales' comments. *See United States v. Franco*, No. 00 CR 300 (LMM), 2003 WL 21305352, at *6 (S.D.N.Y. June 6, 2003) (granting withdrawal where defendant did not have time to "fully reflect on the options with CJA counsel's assistance, and thus unduly affected his decision to plead guilty"); *United States v. Moore*, No. 00 CR 1077 (LMM), 2004 WL 1542262, at *1 (S.D.N.Y. July 8, 2004) (permitting withdrawal where the defendant "felt pressured . . . to a degree that he did not fully reflect on his

options with the assistance of counsel"). When viewed in the aggregate, these circumstances had the effect of rendering Mr. Davis' plea involuntary.

However, rather than examining the combined pressure of the Court's comment about Mr. Nales, the threat of a potential 182 year sentence, and the pressure put on him by his attorney, the Court viewed each in isolation. *See, e.g.*, Op. at 10 ("Defendant argues that my comments about Nales' statements gave them importance, but that is hardly a sufficient reason to vitiate Davis' guilt."). The Court even suggested that the only factor being asserted by Mr. Davis was the threat of a long prison sentence. *See* Op. at 11-12 ("Davis still has to show a 'fair and just reason' to withdraw his plea. And he does not do so, for his *only reason* is his concern that he will face a very long jail term . . . .") (emphasis supplied). Because the three factors are sufficient to demonstrate involuntariness when analyzed as to their combined effect, reconsideration is warranted.

7

## CONCLUSION

Mr. Davis simply wants to exercise his Constitutional right to trial; a right that this Court has forcefully acknowledged. *See* Oct. 22, 2012, Tr. at 62:23-25 ("And I just like to take a stand, that in my courtroom, if someone wants a trial, they get it."). For the reasons stated herein, and whatever further reasons the Court may deem appropriate, Mr. Davis respectfully requests that the Court grant his motion for reconsideration and permit him to withdraw his guilty plea.

Dated:   New York, New York
         December 13, 2012

                                              Respectfully submitted,
                                              Linklaters LLP

                                        By:   /s/ Martin S. Bloor
                                              Lance Croffoot-Suede
                                              Martin S. Bloor
                                              Chris Howard
                                              1345 Avenue of the Americas,
                                              New York, NY 10105
                                              (212) 903-9000
                                              (212) 903-9100 (fax)

                                              *Attorneys for Alfredo Davis*