

ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/24/13

# Linklaters



Linklaters LLP
1345 Avenue of the Americas
New York, NY 10105
Telephone (+1) 212 903 9000
Facsimile (+1) 212 903 9100
Direct Line (+1) 212 903 9261
jence.croffoot-suede@linklaters.com

*The schedule shown below is accepted 9-23-13* [handwritten note, signed]

RECEIVED SEP 20 2013 CHAMBERS OF ALVIN K. HELLERSTEIN U.S.D.J.

Judge Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

**By Hand**

September 20, 2013

## United States of America v. Alfredo Davis, No. 11 CR 295 (AKH)

Dear Judge Hellerstein,

We represent Alfredo Davis in the above-referenced case, who is currently scheduled to be sentenced on October 4, 2013. On July 15, 2013, we requested an adjournment to allow "further study by both the government and defense counsel" of the recent decision by the Supreme Court of the United States, *Alleyne v. United States*, 133 S. Ct. 2151 (June 17, 2013), and its potential "implications related to the sufficiency of Mr. Davis's guilty plea." Docket No. 109. Having now concluded that review, Mr. Davis respectfully requests the establishment of a briefing schedule for a renewed motion to allow Mr. Davis to withdraw his guilty plea. We have conferred with the U.S. Attorney's Office, which intends to oppose this motion, and have agreed to the following briefing schedule: Defendant's opening brief due on October 25, 2013; Government's response brief due on November 8, 2013; Defendant's reply brief due on November 15, 2013; and, oral argument to be held on such a date and time as established by this Court.

The Supreme Court's decision in *Alleyne* constitutes "an intervening change of controlling law" such that reconsideration of Mr. Davis's plea should be granted. *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992). In *Alleyne*, the Supreme Court held that any fact that increases a mandatory minimum sentence is an "element" of the crime that must be submitted to a jury and proven beyond a reasonable doubt, overturning *Harris v. United States*, 536 U.S. 545 (2002), which permitted judicial factfinding to increase mandatory minimum sentences. As this Court is aware, Mr. Davis was charged, like the defendant in *Alleyne*, pursuant to 18 U.S.C. § 924(c)(1)(A)(i), which increases the ordinary 5-year mandatory minimum under 924(c) to a 7-year mandatory minimum when a defendant "brandishes" a firearm. Because Mr. Davis's guilty plea pre-dated *Alleyne*, at minimum he could not have been advised of the nature of the brandishing charge to which he was pleading, or to his right to a jury trial with respect to brandishing. *See* Fed. R. Crim. P. 11(b)(1) (stating that before accepting a guilty plea "the court must inform the defendant of . . . the right to a jury trial . . . [and] the

This communication is confidential and may be privileged or otherwise protected by work product immunity.

Linklaters LLP is a multinational limited liability partnership registered in England and Wales with registered number OC326345 including solicitors of the Senior Courts of England and Wales, members of the New York Bar and foreign legal consultants in New York. It is a law firm authorised and regulated by the Solicitors Regulation Authority. The term partner in relation to Linklaters LLP is used to refer to a member of Linklaters LLP or an employee or consultant of Linklaters LLP or any of its affiliated firms or entities with equivalent standing and qualifications. A list of the names of the members of Linklaters LLP together with a list of those non-members who are designated as partners and their professional qualifications is open to inspection at its registered office, One Silk Street, London EC2Y 8HQ, England or on www.linklaters.com.

Please refer to www.linklaters.com/regulation for important information on our regulatory position.

nature of each charge to which the defendant is pleading . . . ."). Therefore, on this basis Mr. Davis seeks leave from this Court to file a renewed motion[1] to withdraw his guilty plea, in accordance with the schedule outlined above, as the effect of intervening law constitutes a "fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B).

We respectfully request that Mr. Davis's sentencing be adjourned pending the resolution of the above-requested motion. I am available at the Court's convenience should Your Honor have any questions regarding this request.

Respectfully submitted,

/P.A.

Lance Croffoot-Suede

cc: Parvin D. Moyne, U.S. Attorney's Office (by electronic mail)

---

[1] On October 10, 2012, Mr. Davis filed a Notice of Motion to Withdraw Guilty Plea (Docket No. 79), which was denied by this Court on November 29, 2012 (Docket No. 97). A Motion for Reconsideration of the November 29, 2012 Order (Docket No. 98) was denied on December 27, 2012 (Docket No. 101). Mr. Davis's previous motions all pre-date *Alleyne*.