UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA          :

            -v-                   :        11 Cr. 295 (AKH)

ALFREDO DAVIS,                    :

                Defendant.        :

- - - - - - - - - - - - - - - - -x


**THE UNITED STATES OF AMERICA'S MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANT ALFREDO DAVIS'
<u>MOTION FOR RECONSIDERATION TO WITHDRAW HIS GUILTY PLEA</u>**


PREET BHARARA
United States Attorney
Southern District of New York
Attorney for the United States
        of America


Parvin Moyne
Assistant United States Attorney

    - Of Counsel -

## PRELIMINARY STATEMENT

The Government respectfully submits this Memorandum of Law in opposition to the Renewed Motion For Reconsideration to Withdraw His Guilty Plea filed by the defendant, Alfredo Davis (the "Motion"). In his Motion, the defendant seeks – for the third time – to withdraw his April 20, 2012 guilty plea because it was not knowing, voluntary, and intelligent. As the Second Circuit – and this Court – have made clear, a stringent standard is applied to such motions and the defendant bears a high burden to establish a fair and just basis to withdraw his guilty plea and, to prevail, he must present a significant question about the plea's voluntariness. For the third time, Davis does not remotely meet this burden.

Davis's claim that this Court should reconsider its previous decisions denying his motion to withdraw his plea in light of the Supreme Court's decision in *Alleyne* v. *United States* should be rejected. In *Alleyne* v. *United States*, the Supreme Court held that facts that increase the statutory mandatory minimum – like brandishing a firearm during a crime of violence under Title 18, United States Code, Section 924(c) – are elements of the crime and must be specifically charged and proven beyond a reasonable doubt. Unlike in *Alleyne*, however, Alfredo Davis was specifically charged with brandishing a firearm in the Indictment, he specifically agreed to plead guilty to brandishing a firearm in the Plea Agreement, he

specifically pled guilty to brandishing a firearm arm (as an aider and abettor) during his plea allocution, and he was repeatedly advised that his plea would carry the seven-year mandatory minimum sentence for brandishing a firearm.  Accordingly, the defendant's plea was entirely consistent with *Alleyne*.  Moreover, the remedy for an *Alleyne* violation – if there had been one – is simply not to apply the additional two-year enhancement for brandishing the firearm on the defendant's mandatory minimum sentence, not to vacate his plea.

There continues to be no *factual* or *legal* basis to permit the defendant to withdraw his guilty plea, and accordingly, the Government respectfully submits that the Motion must be denied.

## BACKGROUND

**A.    Offense Conduct**

As described in Criminal Complaint 11 Mag. 757 (the "Complaint"), Alfredo Davis was a member of a violent armed robbery organization that committed a string of gunpoint robberies of grocery stores in the Bronx, New York, from January through at least March 2011.  During these robberies, Alfredo Davis, and a varying second co-conspirator, would enter the grocery stores brandishing a shotgun (and sometimes a second firearm) and threatening employees of the grocery stores with the shotgun.  Specifically, for example, on or about February 26, 2011, Davis and a co-conspirator, Jose Nales, entered at 1182 West Farms Road, Bronx, New York armed with a shotgun.

(*See* Complaint 11 Mag. 729 (charging Jose Nales).)   During the course

of the robbery, Davis went behind the counter and removed cigarettes

and approximately $2,000 in currency.   While Davis did that, Jose

Nales assaulted one of the employees with the shotgun, specifically

hitting the employee with the barrel of the shotgun.   Similarly, on

or about March 15, 2011, Davis and a second male co-conspirator

entered a bodega at 136 East 174th Street, Bronx, New York.   Both

men were masked, and one carried a shotgun and the other (Davis) a

handgun.   During the course of the robbery, Davis went behind the

counter and removed cigars and approximately $1,400 in currency while

his co-conspirator held the shotgun and pointed it at the victims.

Davis and his co-conspirator also took two cell phones from the

victims before leaving the store on foot.   A video tape from a

surveillance camera captured the robbery.   In the video, Davis can

be seen *with a handgun* wearing the distinctive black North Face parka

over the red hooded sweatshirt; his co-conspirator can be seen

wearing a green parka.   *See* Complaint 11 Mag. 757.

###   B.   Federal Charges

On March 21, 2011, Davis was charged by criminal complaint

with Hobbs Act robbery conspiracy and Hobbs Act robbery, in violation

of Title 18, United States Code, Sections 1951 and 2, and possession,

use, carrying, and *brandishing* of a firearm in furtherance, during,

and in relation to violent crime, in violation of Title 18, United

States Code, Sections 924(c)(1)(A)(ii). On August 8, 2011, Davis, along with Nales and a second co-defendant (Tyrone Alston), was indicted by a federal grand jury in this District in S1 11 Cr. 295 (AKH) (the "Indictment"), charging the three defendants in six counts. Count One of the Indictment charges the three defendants with a Hobbs Act robbery conspiracy, in violation of Title 18, United States Code, Section 1951. Count Two of the Indictment charges Davis and Alston with the Hobbs Act robbery of a grocery store located at 1888 Walton Avenue, in the Bronx, New York; Count Three of the Indictment charges Davis and Nales with the Hobbs Act robbery of a grocery store located at 1182 West Farms Road, Bronx, New York; Count Four of the Indictment charges Davis with the robbery of a grocery store located at 136 East 174th Street, Bronx, New York; all in violation of Title 18, United States Code, Sections 1951 and 2. Counts Five and Six of the Indictment charge Davis with possession, use, carrying, and brandishing of a firearm in furtherance, during, and in relation to the robberies charged in Count Three and Count Four respectively, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

### C. Davis' Guilty Plea

Following pre-trial litigation, the parties entered into plea negotiations in hopes of resolving the matter short of trial. On April 18, 2012, the Government held a "reverse" proffer for Davis

and Mr. Siegel in its office, at which time, it set forth the weight of the evidence it would offer at Davis' trial, so Davis could more fully evaluate the benefits of pleading guilty pursuant to a plea agreement with the Government. The Government also set forth the consequences Davis would face if he proceeded to trial and was convicted, though that information had been communicated to Davis through counsel since virtually the beginning of his prosecution.

After considering the offer and consulting with Mr. Siegel, Davis decided to plead guilty. On April 20, 2012, Davis waived indictment and pleaded guilty to a two-count criminal information (the "Information") pursuant to a bargained-for plea agreement with the Government. Count One of the Information charged the defendant with a Hobbs Act robbery conspiracy, in violation of Title 18, United States Code, Section 1951, and Count Two of the Information charged the defendant with brandishing firearms in connection with that robbery conspiracy. The plea agreement, signed by the Government and the defendant, referenced the fact that the Government charged Davis with brandishing the firearms and that this charge carried a seven-year mandatory minimum sentence in at least five places: (1) on page one of the plea agreement in the paragraph describing Count Two and the seven-year minimum penalty applicable for brandishing a firearm; (2) on page two, in the paragraph describing the total minimum sentence applicable to the defendant's

plea; (3) on page 3, noting that, under the Guidelines, because the defendant was specifically charged with brandishing the firearm, the firearm enhancement would not apply to the robbery conspiracy charge; (4) on page 4, explaining the mandatory minimum sentence for Count Two; and (5) on page 5, again explaining the mandatory minimum sentence.

On April 20, 2012, the Court conducted a guilty plea allocution of Davis, which this Court has already found comported fully with the requirements of Rule 11 of the Federal Rules of Criminal Procedure. With respect to the firearms count (Count Two), the Court asked the Government to describe the charge and the Government provided the elements – including brandishing a firearm:

> Count 2 is what we call the gun count and it charges the defendant with using, carrying, and brandishing a firearm during this robbery conspiracy. That crime has three elements: first, on or about the dates set forth in the information, the dates between January 2011 to March 19, 2011, the defendant either used, carried, or possessed a firearm, and second, that the defendant used, carried, or possessed a firearm during the robbery conspiracy and in furtherance of that robbery conspiracy. The Government would also establish the defendant or a co-conspirator brandished the firearm during the robbery conspiracy.

4/20/12 Tr. at 12.

With respect to the applicable penalties for the firearms count, the Court and the Government explained repeatedly that the

defendant faced a mandatory minimum sentence of seven years'
imprisonment for Count Two, which must run consecutively to any other
sentence imposed.  For example, initially the Government explained:

> This count, the second count, carries a
> mandatory minimum sentence of 7 years'
> imprisonment, a maximum of life, a maximum term
> of supervised release of 5 years, a maximum fine
> again of the greatest of $250,000 or twice the
> gross loss or twice the gross gain to the
> defendant, and a mandatory $100 special
> assessment.

4/20/12 Tr. at 12.

Subsequently, the Court inquired about the sentence for Count Two
and the Government again explained that the mandatory minimum
sentence is seven years:

THE COURT:      Is the punishment, Ms. Moyne, for the
                second count additive to the first[?]

MS. MOYNE:      Yes.  The second count punishment
                must be consecutive to any term of
                imprisonment for the first count, and
                in total, the maximum sentence the
                defendant faces is life imprisonment
                because of Count 2, and there is a
                mandatory minimum of 7 years'
                imprisonment, which as I said must
                run consecutive to any other term of
                imprisonment imposed, including any
                term for Count 1.

THE COURT:      Whatever sentence I give him for
                Count 1, I must give him at least 7
                years for Count 2, adding on to the
                sentence in Count 1.

MS. MOYNE:      That's correct, but there is no
                minimum for Count 1.

```
THE COURT:      Do you understand that Mr. Davis?

DAVIS:          Yes.
```

4/20/12 Tr. at 14.

Finally, the Court asked the defendant to address his

conduct in the case:

```
THE COURT:      Mr. Davis, are you offering to plead guilty
                because you believe that you are in fact guilty
                of both crimes charged?

DAVIS:          Yes.

THE COURT:      Tell me what you did.

DAVIS:          I agreed with somebody to rob the store.

THE COURT:      Rob a bodega.

DAVIS:          Yes.

THE COURT:      When did you reach this agreement?

DAVIS:          Between January and March 15, 2011.

THE COURT:      These are the bodegas in the Bronx that Ms. Moyne
                mentioned?

DAVIS:          Yes.

THE COURT:      Did you carry a gun?

DAVIS:          I didn't carry a gun, no.

THE COURT:      Somebody else you know of carried a gun.

DAVIS:          Yes.

THE COURT:      Yes?

DAVIS:          Yes.
```

| | |
|---|---|
| THE COURT: | The person who committed the robberies? |
| DAVIS: | Yes. |
| THE COURT: | You were aware he was carrying a gun? |
| DAVIS: | Yes. |
| THE COURT: | Anything else[?] |
| MS. MOYNE: | Just two questions. I'd ask that defendant confirm that it was part of the plan of the robbery that somebody was going to carry a gun. |
| THE COURT: | Was it a plan of the robbery that someone would be carrying a gun? |
| DAVIS: | Yes. |
| THE COURT: | In other words, that would be the way to get cooperation from the person in the store? |
| DAVIS: | Yes. |
| THE COURT: | The idea was to get money from the store? |
| DAVIS: | Yes. |
| MS. MOYNE: | And that the gun was brandished or shown to the people; it was on display. |
| THE COURT: | Was it part of the plan to show the gun to get the people to cooperate and give you over the money? |
| DAVIS: | Yes. |

\* \* \* \* \* \* \*

| | |
|---|---|
| THE COURT: | You knew of course this was wrong? |
| DAVIS: | Yes, I do. |

4/20/12 Tr. at 21.

10

At the conclusion of the proceeding, the Court made the following findings:

> THE COURT: I find, Mr. Davis, that your plea of guilty to the information on two counts is voluntary, that you understand the consequences, and that there is an independent basis in fact to sustain the plea. Accordingly, I instruct the clerk to enter a plea of guilty to both counts of the information and to withdraw the pleas of not guilty to the previous counts of the indictment.

4/20/12 Tr. at 21).

At no point during the plea did Davis express any confusion about the seven-year mandatory minimum penalty that applies to his guilty plea on Count Two.

## E. Davis' Motion to Withdraw His Guilty Plea

Subsequent to the defendant's guilty plea, Davis moved the Court to withdraw his guilty plea. At the August 7, 2012 status conference, the Court indicated on the record that it believed the plea was entered voluntarily, and that Davis understood the consequences. (*See* 8/7/2012 Conf. Tr. at 11). The Court further stated that it did not wish to deny the defendant's request for a new trial, but acknowledged that it had not yet studied the cases, and that view "may be out of bounds." (*Id.* at 12). Accordingly, the Court directed the defendant to set out his basis to withdraw his plea, and it permitted the parties to brief the issue. (*Id.*).

On October 10, 2012, the defendant filed a Motion to Withdraw His Guilty Plea, seeking to have the Court grant the extreme remedy of permitting him to withdraw his plea. The Motion was based solely on the defendant's new claim that his plea was not voluntary, despite the Court's explicit findings to the contrary.

On November 29, 2012, the Court denied the motion. The Court held that the defendant failed to provide a "fair and just" reason to withdraw his plea, and failed to raise a significant question as to the voluntariness of his plea.

On December 13, 2012, the defendant filed a Motion for Reconsideration. On December 27, 2012, the Court denied the Motion for Reconsideration.

On October 25, 2012, the defendant filed the instant motion – his third attempt to withdraw his guilty plea. In the instant motion, the defendant argues (1) he could not have entered a knowing and voluntary plea because he did not know that brandishing a firearm was an element of Count Two that had to be proven to the jury beyond a reasonable doubt; and (2) his plea was insufficient as a factual basis for the enhancement. The defendant further argues not only that he should receive his plea back with respect to the brandishing enhancement for Count Two, but that the Court, in "its discretion," should allow the defendant to take back his entire guilty plea. Because, as explained below, the defendant's renewed motion does not

12

provide a "fair and just" reason, nor raise a significant question of the voluntariness of his plea, the defendant's motion should be denied in its entirety.

**ARGUMENT**

I.  **The Defendant *Again* Has Failed to Raise a Significant Question As to the Voluntariness of His Guilty Plea and Has Failed to Show a Fair and Just Reason for It to Be Withdrawn.**

With his third motion to withdraw his guilty plea, the defendant again fails to demonstrate that there are valid grounds for withdrawal of his knowing and voluntary guilty plea, and accordingly, the Motion should be denied.

A.  **Applicable Law**

As provided in the Government's October 17, 2012 Memorandum of Law Opposing the defendant's first attempt to withdraw his guilty plea, and in the Court's November 29, 2012 and December 27, 2012 Orders denying the defendant's motion to withdraw his guilty plea, "the standard for withdrawing a guilty plea is stringent." *United States* v. *Rosen*, 409 F.3d 535, 546 (2d Cir. 2005); *see also United States* v. *Schmidt*, 373 F.3d 100, 102-03 (2d Cir. 2004). A guilty plea is a "grave and solemn act," not to be entered into or withdrawn lightly. *Id.* at 677 (internal quotation marks omitted). Accordingly, a defendant "has no automatic entitlement" to withdraw his guilty plea, since "[s]ociety has a strong interest in the finality of guilty pleas, and allowing withdrawal of pleas not only

undermines confidence in the integrity of our judicial procedures, but also increases the volume of judicial work, and delays and impairs the orderly administration of justice." *Maher*, 108 F.3d at 1529 (citations and quotations omitted); *accord United States* v. *Goodman*, 165 F.3d 169, 173 (2d Cir. 1999); *United States* v. *Williams*, 23 F.3d at 635; *see also Hill* v. *Lockhart*, 474 U.S. 52, 58 (1985). Especially in cases with identified victims – as with the robberies charged in this case – the value of finality must be considered paramount in considering whether it is just to permit the guilty to withdraw a valid plea absent a truly compelling reason. *See McKithen* v. *Brown,* 565 F. Supp. 2d 440, 484 (E.D.N.Y. 2008); *Calderon* v. *Thompson*, 523 U.S. 538, 555-56 (1998).

In determining whether there is "a fair and just reason" to grant a motion under Rule 11(d)(2)(B), a district court should consider, among other things, the following: "(1) whether the defendant has asserted his or her legal innocence in the motion to withdraw the guilty plea; (2) the amount of time that has elapsed between the plea and the motion (the longer the elapsed time, the less likely withdrawal would be fair and just); and (3) whether the government would be prejudiced by a withdrawal of the plea." *Rosen*, 409 F.3d at 546 (internal quotations omitted); *see United States* v. *Couto*, 311 F.3d 179, 185 (2d Cir. 2002); *United States* v. *Fernandez-Antonia*, 278 F.3d 150, 155 (2d Cir. 2002). Where a motion

14

to withdraw a plea is premised on involuntariness, as is the instant Motion, the "circumstances in which a court should grant a defendant's motion to withdraw a plea are extremely narrow. . . . withdrawal is *only* permitted when a defendant has raised a *significant* question about the voluntariness of the original plea." *Torres*, 129 F.3d at 715 (emphasis added); *see also Rosen*, 409 F.3d at 547-48; *United States* v. *Doe*, 537 F.3d 204, 210-11 (2d Cir. 2008).

**B. Discussion**

The Supreme Court's decision in *Alleyne* v. *United States*, 133 S. Ct. 2151 (2013), does not raise a significant question as to the voluntariness of the defendant's plea, and as such, his Motion must fail.

> **1. In *Alleyne* v. *United States,* the Supreme Court Held that, in Order to Apply the Penalty of a Seven-Year Mandatory Minimum Term of Imprisonment for Brandishing a Firearm, the Government Must Charge the Defendant with Brandishing the Firearm and Prove it to a Jury Beyond a Reasonable Doubt.**

In *Alleyne* v. *United States*, the Supreme Court considered whether any fact that increases a mandatory minimum sentence for a crime must be submitted to the jury. Specifically, the case before the Supreme Court involved a defendant who was charged with using or carrying a firearm in relation to a crime of violence (a robbery), in violation of Title 18, United States Code, Section 924(c).[1] In

---

[1] Subsection 924(c)(1)(A)(i) provides for a five-year mandatory

*Alleyne*, the Indictment simply charged the defendant with the use, carrying, or possession of the firearm. The case went to trial and the jury indicated on the verdict form that the defendant had "used or carried a firearm during and in relation to a crime of violence," but did not indicate a finding that the firearm was "brandished." 133 St. at 2156. The Supreme Court held that, because it would elevate the mandatory minimum term for firearms offenses from five to seven years, a finding as to whether the defendant had brandished a firearm, as opposed to merely carried or used a firearm, had to be made by the jury (and was not simply a sentencing factor to be determined by the Judge by a preponderance of the evidence). In so holding, the Supreme Court extended the holding of *Apprendi* v. *New Jersey*, 530 U.S. 466 (2000) (holding that facts that increase the statutory maximum term of imprisonment had to be submitted to the jury) to facts that increase the statutory minimum sentence. The Supreme Court also overruled its prior decision in *Harris* v. *United States*, 536 U.S. 545 (2002), which had held that facts that increase the mandatory minimum sentence for a crime could be found by a judge under the preponderance standard. In extending *Apprendi* and overruling *Harris*, the Supreme Court highlighted the importance of

---

minimum sentence for the use, carrying, or possession of a firearm, which increases under Subsection 924(c)(1)(A)(ii) to a seven-year mandatory minimum term if the firearm was "brandished."

enabling "the defendant to predict the legally applicable penalty from the face of the indictment." *Alleyne*, 133 S.Ct. at 2161.

>    2.   *Alleyne* v. *United States* **Does Not Provide a "Fair and Just" Reason to Allow the Defendant to Withdraw to his Plea, Nor Raise a Significant Question as to the Voluntariness of the Defendant's Plea.**

At the time of the defendant's guilty plea, *Harris* v. *United States* was still controlling law. However, the defendant's argument that he was unaware that brandishing a firearm was an "element" improperly attempts to elevate form over substance. The issue under *Alleyne* and *Apprendi* – and all Rule 11 proceedings — was whether the defendant had notice of the conduct with which he was charged and of the applicable penalties at the time of the charge and at the time of conviction. *See, e.g., United States* v. *Vonn*, 535 U.S. 55, 62 (2002). Here, the defendant plainly knew both, and there is no credible argument to the contrary.

Through the duration of this prosecution, before *Alleyne*, the Government engaged in practices that anticipated that holding by, among other things, specifically charging any enhancement under Section 924(c), like brandishing, in the Indictment. Furthermore, it was the Government's practice to treat the brandishing enhancement like an element at the guilty plea by (1) listing brandishing among the elements the Government would prove; (2) providing notice of the

enhancement's application to the case; and (3) requiring the defendant to allocute to facts in support of the enhancement.

A review of the record reveals this was the case here. First, the Indictment charging Alfredo Davis specifically mentions that the firearms were brandished during the robberies, and cites to the seven-year penalty provision in Subsection 924(c)(1)(A)(ii). Likewise, the plea agreement specifically provides that Davis pled guilty to brandishing a firearm for a seven-year minimum term of imprisonment. This agreement was signed by the defendant and counsel and acknowledged by the defendant at the Rule 11 plea proceeding. Further, during the plea, when asked to describe the elements of the offense, the Government explicitly indicated that it would prove (1) the defendant either used, carried, or possessed a firearm; (2) the defendant used, carried, or possessed a firearm during the robbery conspiracy and in furtherance of that robbery conspiracy; and (3) the defendant or a co-conspirator *brandished* the firearm during the robbery conspiracy. *See* 4/20/12 Tr. at 12. (This recitation of the elements by the Government upon the Court's request is tellingly omitted from the defendant's motion.)

Finally, during his allocution, Davis specifically acknowledged that it was part of the plan of the robbery that they use guns and show the guns to the victims "to get the people to cooperate and give over the money." 4/20/12 Tr. at 21. Again, in

his initial argument on this point, the defendant fails to cite this portion of the plea allocution in his brief, relying instead on his initial statement that he, personally, did not carry a firearm. Only later, when addressing his aiding and abetting culpability – the only theory ever alleged by the Government on this issue – does the defendant reluctantly acknowledge what is certainly a fulsome recitation of the facts. Regardless, the defendant explicitly admitted to the facts supporting the brandishing element.

It is precisely this fact which renders the defendant's reliance on *United States* v. *Gonzalez*, 420 F.3d 111 (2d Cir. 2004), so unavailing. In *Gonzalez*, the Second Circuit reversed and remanded a conviction for the District Court's failure to grant a motion to withdraw his plea, finding that the defendant's plea was not voluntarily because he had not admitted a statutory threshold drug quantity and because the drug weight issue was treated as a sentencing enhancement, not as an element to be proven guilty beyond a reasonable doubt. Notably, in *Gonzalez*, the defendant not only failed to allocate to the threshold drug quantity because the weight issue was not considered something that the defendant needed to admit, but rather it was something the defendant intended to affirmatively challenge. This is not the case here where, regardless of whether the brandishing was labeled as an "element," or not, it was treated as such during the Rule 11 proceeding.

Further, this defendant not only had agreed not to dispute the brandishing of the firearm, he affirmatively *admitted* to it during his allocution. Thus, his situation is not remotely similar to *Gonzalez.*

### 3. The Defendant's New Claim That His Allocution to Aiding and Abetting the Possession, Use, and Brandishing of a Firearm is Equally Meritless.

When faced with the stark truth that he did indeed allocute to aiding and abetting the brandishing of the firearm *despite* it not yet officially being designated an element of the crime, the defendant also now attempts to challenge the sufficiency of that allocution. As an initial matter, despite the defendant's claim to the contrary, nothing in *Alleyne* changes what facts this defendant needed to say at his plea to successfully allocute to the 924(c) brandishing charge: Alfredo Davis's allocution regarding the brandishing enhancement at the time of his plea would be no different for a defendant today allocating to the brandishing element, post-*Alleyne*. But, no doubt spurred by the mere notion of *Alleyne*, the defendant self-servingly claims his factual allocution was inadequate, despite his clear intent at the time to allocute to aiding and abetting the brandishing of the firearm and the belief that this allocution was sufficient by the Court, the Government, the defendant's then-counsel, and the defendant himself.

Rule 11(b)(3) of the Federal Rules of Criminal Procedure

provides that "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). In determining whether a Rule 11 violation has occurred and in assessing its effect, this Court considers the entire record. *United States* v. *Torrellas,* 455 F.3d 96, 103 (2d Cir.2006); *United States* v. *Maher,* 108 F.3d 1513, 1521 (2d Cir.1997). "The court may rely on defendant's own admissions, information from the government, or other information appropriate to the specific case." *United States* v. *Andrades,* 169 F.3d 131, 136 (2d Cir.1999). In requiring the Court to satisfy itself that there is factual basis for plea, the Rule 11 does not require that the Court be satisfied that jury would return verdict of guilty, nor does it require court to weigh evidence to assess whether it is even more likely than not that defendant is guilty, but, rather, the Rule requires the Court to assure itself simply that conduct to which defendant admits is in fact offense under statutory provision under which he is pleading guilty. *See Maher,* 108 F.3d at 1513; Fed. R. Crim. P. 11(b)(3).

Here, for the first time, the defendant now claims his allocution on the brandishing was insufficient because he needed to "facilitate or encourage" the 924(c) offense, *see United States* v. *Masotto*, 73 F.3d 1233, 1240 (2d Cir. 1997), not merely know a gun would be used in the robbery. *See United States* v. *Wilkerson*, 361 F.3d 717, 724 (2d Cir. 2004). In making this argument, the defendant

ignores the explicit series of questions asked by the Court as to the purpose and role of the gun in the robbery. Therein, the Court specifically determined that the defendant was involved in planning the robbery; this plan involved the use of a gun carried by a co-conspirator; and that the specific reason the plan involved the brandishing of the gun to coerce the victims to give up their money. *See* 4/20/12 Tr. at 21. This is *not* mere knowledge of the gun's presence, as the defendant hopefully claims, but rather this is a specific admission to the plan of defendant and his co-conspirators to brandish the gun in order for the robbery to be a success. Any argument to the contrary is patently wrong and inconsistent with the defendant's specific statement during the plea hearing. Thus, the defendant's allocution is more than sufficient to meet the standards of Rule 11 for a 924(c) violation (and explicitly with respect to the *brandishment* of the gun), both before and after *Alleyne*.

From the time of the Indictment through the time of the plea, the defendant was well aware that he was charged with aiding and abetting the brandishing of a firearm and the penalties for such a crime. In light of that fact, and the defendant's explicit and sufficient allocution to the facts supporting the brandishing (whether considered to be a sentencing enhancement or an element), his claim of an *Alleyne* violation is of no moment. There can be no dispute that the defendant understood "the law of his crime in

relation to the facts of his case, as well as his rights as a criminal defendant." *Vonn*, 535 U.S. at 62; *see also Bousley* v. *United States*, 523 U.S. 614, 618 (1998) (holding that a plea of guilty is considered "voluntary" if the defendant enters the plea with full awareness of its "direct consequences"). Thus, his instant claim does not provide any more of a fair and just reason to permit the withdrawal of his guilty plea than any of the failed bases previously raised.

## II.  The Remedy Sought by the Defendant is Improper.

In each of the prior occasions the defendant has attempted to withdraw his guilty plea – only to be properly denied by the Court – there has been a failure to show a fair and just reason to grant his motion. In this case, the intervening ruling in *Alleyne* has absolutely no bearing on what the defendant pleaded guilty to, what was said at the plea hearing, and what was known to the defendant at the time he pleaded guilty. While the *Alleyne* ruling may indeed afford the defendant yet another opportunity to rehash the same failed arguments, what it does not do is afford him a chance at a broader remedy. In other words, while the Government respectfully submits that there is no *Alleyne* issue at all present in this case, if the Court were to disagree, the appropriate remedy would be to reduce the mandatory minimum by the two years (as if the defendant pleaded guilty to a 924(c) possession), *not* permit the withdrawal

of his plea *in toto*.  There is no basis for such a remedy and no fair and just basis for granting this motion has been offered.

## CONCLUSION

The defendant made a rational decision, with advice of experienced counsel, to accept the bargained-for plea offer, and to knowingly and voluntarily plead guilty.  Nothing about his indictment, his plea agreement, his Rule 11 proceeding, or his plea allocution would change if Alfredo Davis pleaded guilty today, post-*Alleyne*.  The defendant's claim to the contrary ignores both the facts and the law, and disregards the defendant's specific acknowledgment of the seven-year mandatory minimum penalty, and his clear allocation to the facts of the brandishing, just as if it were an element of the crime.  Accordingly, the defendant fails to raise a fair and just reason to grant his motion, and it should be denied.

Dated:     New York, New York
           November 15, 2013


                          _/s/_____
                          Parvin Moyne
                          Assistant United States Attorney
                          Telephone: (212) 637-2510