Lance Croffoot-Suede
Patrick C. Ashby
Efrat F. Fish
LINKLATERS LLP
1345 Avenue of the Americas
New York, NY 10105
212 903 9000 (Tel)
212 903 9100 (Fax)
*Attorneys for Alfredo Davis*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

United States of America,

                      Plaintiff,

            v.                           11 Cr. 295 (AKH)

Alfredo Davis,

                      Defendant.

------------------------------------------------------------x

## MEMORANDUM OF LAW OF DEFENDANT ALFREDO DAVIS IN FURTHER SUPPORT OF HIS RENEWED MOTION FOR RECONSIDERATION TO WITHDRAW HIS GUILTY PLEA

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ......................................................................................................................... 2

I.  THE GOVERNMENT FAILED TO REBUT THAT MR. DAVIS'S PLEA, ENTERED PRE-<u>ALLEYNE</u>, WAS NOT KNOWING, VOLUNTARY, OR INTELLIGENT ........................................................................................................ 2

    A.  A Guilty Plea Must Strictly Adhere to All of Rule 11(b)(1)'s Requirements To Be Valid ............................................................................................................ 2

    B.  The Government Did Not Adequately Anticipate the <u>Alleyne</u> Decision Because it Did Not Ensure that Mr. Davis Understood the Nature of the Section 924(c) Charge and His Constitutional Right to Stand Trial ........................................ 4

    C.  The Second Circuit's Findings in <u>United States v. Gonzalez</u>, Require Mr. Davis be Allowed to Stand Trial .............................................................................. 7

II. THE GOVERNMENT'S DISCUSSION OF AIDING AND ABETTING LIABILITY IGNORES THE LEGAL REQUIREMENTS ESTABLISHED BY RULE 11(B)(3) ................................................................................................................ 8

    A.  Post-<u>Alleyne</u>, the Government Must Establish That the Defendant Specifically Aided and Abetted in the Brandishing of a Firearm ................................................ 8

    B.  The Strict Requirements of Rule 11(b)(3) Are Not Satisfied by Vague References to a Plan ..................................................................................... 9

III. THE ONLY AUTHORITY PRESENTED TO THIS COURT DEMONSTRATES THAT MR. DAVIS MUST BE ALLOWED TO WITHDRAW HIS ENTIRE GUILTY PLEA .......................................................................................................... 11

CONCLUSION .................................................................................................................... 12

# TABLE OF AUTHORITIES

## CASES

Page

Alleyne v. United States,
133 S. Ct. 2151 (2013) ................................................................................................... Passim

Apprendi v. New Jersey,
530 U.S. 466 (2000) ............................................................................................................ 6, 7

Bousley v. United States,
523 U.S. 614 (1998) ................................................................................................................ 6

Clue v. State,
615 S.E.2d 800 (Ga. Ct. App. 2005) .................................................................................... 11

Irizarry v. United States,
508 F.2d 960 (1974) ............................................................................................................... 7

McCarthy v. United States,
394 U.S. 459 (1969) ............................................................................................................... 3

New York v. Sellers,
635 N.Y.S.2d 773 (App. Div. 1995) .................................................................................... 12

Polanco v. United States,
935 F. Supp. 372 (S.D.N.Y. 1996) aff'd, 112 F.3d 505 (2d Cir. 1997) ................................. 9

Rojas v. Maryland,
450 A.2d 490 (Md. 1982) ..................................................................................................... 12

United States v. Adams,
448 F.3d 492 (2d Cir. 2006) .......................................................................................... 2, 4, 11

United States v. Andrades,
169 F.3d 131 (2d Cir. 1999) ................................................................................................ 6, 9

United States v. Blackwell,
199 F.3d 623 (2d Cir. 1999) ................................................................................................... 4

United States v. Couto,
311 F.3d 179 (2d Cir. 2002) ............................................................................................. 9, 11

United States v. Garcia,
No. 03 CR.1098 HB, 2004 WL 3019501 (S.D.N.Y. Dec. 29, 2004) ............................. 10, 11

United States v. Gonzalez,
420 F.3d 111 (2d Cir. 2005) ............................................................................................. 7, 8

United States v. James,
210 F.3d 1342 (11th Cir. 2000) ............................................................................................ 7

United States v. Journet,
544 F.2d 633 (2d Cir. 1976) ........................................................................................... 2, 3, 4

United States v. Maher,
108 F.3d 1513 (2d Cir. 1997) ............................................................................................. 11

United States v. Martinez,
No. 10-CR-74, 2013 WL 5754862 (E.D.N.Y. Oct. 24, 2013) ............................................ 10

United States v. Medina,
32 F.3d 40 (2d Cir. 1994) ..................................................................................................... 9

United States v. Parker,
245 F.3d 974 (7th Cir. 2001) ............................................................................................... 6

United States v. Parkins,
25 F.3d 114 (2d Cir. 1994) ................................................................................................... 4

United States v. Ramos,
No. 06 CR 172 (LTS), 2009 WL 3811771 (S.D.N.Y. June 29, 2009) ................................. 5

United States v. Reeves,
65 F. App'x 817 (3d Cir. 2003) ........................................................................................... 6

United States v. Robinson,
No. 06-CR-6061CJS, 2007 WL 4206911 (W.D.N.Y. June 18, 2007) ................................. 6

United States v. Rose,
251 F. App'x 708 (2d Cir. 2007) ........................................................................................ 10

United States v. Saft,
558 F.2d 1073 (2d Cir. 1977) ............................................................................................... 7

United States v. Thomas,
No. 5:05-CR-217 (FJS), 2006 WL 2934378 (N.D.N.Y. Oct. 12, 2006) .............................. 5

United States v. Wetterlin,
583 F.2d 346 (7th Cir. 1978) ............................................................................................... 7

United States v. Youngs,
687 F.3d 56 (2d Cir. 2012) ........................................................................................... 3

Washington v. Turley,
69 P.3d 338 (Wash. 2003) ........................................................................................ 12

W. Va. ex rel. Gessler v. Mazzone,
572 S.E.2d 891 (W. Va. 2002) ................................................................................. 12

**STATUTES & RULES**

Fed. R. Crim. P. 11 ............................................................................................. Passim

Alfredo Davis, through his undersigned counsel, respectfully submits this memorandum of law in further support of his Renewed Motion for Reconsideration to Withdraw his Guilty Plea (hereinafter, "Renewed Motion for Reconsideration").

## PRELIMINARY STATEMENT

In light of the Supreme Court's decision in <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013), Mr. Davis's guilty plea was not knowing, voluntary, intelligent, or sufficient. Due to the fundamental rights at stake, Federal Rule of Criminal Procedure 11 ("Rule 11") requires that even slight procedural deficiencies are to be examined critically. There can be no doubt that at the time he pled guilty, *Mr. Davis* did not anticipate the <u>Alleyne</u> decision, which subsequent to his plea recognized brandishing as an element of a Section 924(c)(1)(A)(ii) offense. Mr. Davis therefore did not understand the nature of the charge, as required by Rule 11(b)(1)(G), or his constitutional right to stand trial to determine whether he had aided and abetted in the brandishing of a firearm, as required by Rule 11(b)(1)(C). The government's contention that *it* nonetheless anticipated the <u>Alleyne</u> decision – and acted accordingly – is disingenuous, and nevertheless, irrelevant. Rule 11(b)(1)'s detailed requirements are meant to ensure that a *defendant* understands the various rights he forsakes when pleading guilty. Under the circumstances, it cannot be said that Mr. Davis understood the rights, which had not yet been articulated by the United States Supreme Court, that he was foregoing when he pled guilty.

Contrary to the government's assertions, Mr. Davis's allocution regarding the brandishing enhancement at the time of his plea *would be different* for a defendant today, post-<u>Alleyne</u>. To satisfy Rule 11(b)(3), a defendant's allocution must establish that he aided and abetted *each element* of an offense. Post-<u>Alleyne</u>, brandishing constitutes an element of the offense, so for the first time the government must now show that a defendant specifically aided and abetted in that brandishing. Regardless, both before and after the <u>Alleyne</u> decision, Mr.

Davis's allocution is insufficient under Rule 11(b)(3). Mr. Davis's testimony, constituted nearly entirely of yes or no responses, merely established that Mr. Davis agreed with a co-conspirator to rob a store, and that he knew that a co-conspirator would carry a gun to intimidate the store clerk. Absent from his allocution are specific details of any affirmative act undertaken by Mr. Davis to facilitate his co-conspirator's use and brandishing of a firearm. This renders Mr. Davis's guilty plea insufficient.

Based on three independent grounds, this Court should allow Mr. Davis to withdraw his plea: the violation of Rule 11 section (b)(1)(C); the violation of Rule 11 section (b)(1)(G); and, the violation of Rule 11 section (b)(3). In characterizing these infringements on Mr. Davis's rights as placing "form over substance," the government attempts to trivialize fundamental issues of Due Process. But these rights are not trivial, and indeed the Second Circuit has held that "[s]uch defects are not technical, but are so fundamental as to cast serious doubt on the voluntariness of the plea, and require reversal and remand so that the defendant may plead anew or stand trial." United States v. Adams, 448 F.3d 492, 502 (2d Cir. 2006). That is all that Mr. Davis seeks here: the right to stand trial.

## ARGUMENT

I. **THE GOVERNMENT FAILED TO REBUT THAT MR. DAVIS'S PLEA, ENTERED PRE-<u>ALLEYNE</u>, WAS NOT KNOWING, VOLUNTARY, OR INTELLIGENT**

   A. **A Guilty Plea Must Strictly Adhere to All of Rule 11(b)(1)'s Requirements To Be Valid**

By pleading guilty, a defendant foregoes several fundamental constitutional rights. United States v. Journet, 544 F.2d 633, 636 (2d Cir. 1976) (explaining that a guilty plea has the "most serious consequences," with "[f]undamental constitutional rights . . . at stake, the loss of which [can] hardly be classified as insubstantial or harmless."). (See Renewed Motion

for Reconsideration at 10). For this waiver to be valid, Due Process requires a defendant to make this decision knowingly, voluntarily, and intelligently. United States v. Youngs, 687 F.3d 56, 59 (2d Cir. 2012). Rule 11 was devised as a "standard, practical, solution" to aid the court in making the constitutionally required determination that a defendant's guilty plea was voluntary and intelligent. Journet, 544 F.2d at 634; see McCarthy v. United States, 394 U.S. 459, 465 (1969).

As previously briefed for this court, Mr. Davis pled guilty before the Supreme Court's decision in Alleyne v. United States,[1] and was therefore not aware that brandishing was an element of a Section 924(c) offense. (See Renewed Motion for Reconsideration at 12-14; Docket No. 114, Declaration of Efrat F. Fish, Exhibit A (hereinafter "Davis Affidavit") ¶ 6). Without this knowledge, Mr. Davis could not understand the "nature of each charge," as required by Rule 11(b)(1)(G),[2] or his constitutional right to have a jury determine, beyond a reasonable doubt, whether he had aided and abetted in the brandishing of a firearm, as required by Rule 11(b)(1)(C).[3] (Renewed Motion for Reconsideration at 12-14,19; Davis Affidavit ¶¶ 6, 7, 9, 10).

The government does not even attempt to directly address either of these Rule 11(b)(1) deficiencies.[4] Instead, the government repeatedly emphasizes Mr. Davis's understanding of the seven-year mandatory minimum under Sections 924(c)(1)(A)(ii) and (2).

---

[1] The government's attempt to distinguish Alleyne on the facts is unpersuasive because irrespective of the circumstances under which Mr. Davis pled guilty, it does not change the fact that Alleyne creates a new element of the underlying offense. That is the salient point.

[2] In order for a defendant to understand the "nature of each charge," as required by Rule 11(b)(1)(G), he must, at a minimum, be aware of *each element* of the offense. (See Renewed Motion for Reconsideration at 2, 12-13).

[3] In order for a defendant to understand that he is forgoing his constitutional right to stand trial, as required by Rule 11(b)(1)(C), he must, at a minimum, understand that he has a right to have a jury determine, beyond a reasonable doubt, *each element* of the offense. (See Renewed Motion for Reconsideration at 2, 14, 19).

[4] The government does not make a single reference to a defendant's right to stand trial for each element of the offense in its twenty-four page Response Brief.

(See e.g., Docket No. 118, The United States of America's Memorandum of Law in Opposition to Defendant Alfredo Davis' Motion for Reconsideration to Withdraw His Guilty Plea (hereinafter, "Response Brief") at 3, 6, 11, 24). However, Mr. Davis has never and does not now dispute this point.[5] Implicitly then, the government seems to suggest that compliance with one of the Rule 11(b)(1) requirements – informing Mr. Davis of the seven year mandatory minimum pursuant to Rule 11(b)(1)(I) – excuses the gross Due Process violations present in Mr. Davis's guilty plea elsewhere, as he did not understand the nature of the charges or his right to stand trial. Such an argument flies against the plain language of Rule 11(b)(1) which requires that the defendant understand *every right* listed in Rule 11. See United States v. Blackwell, 199 F.3d 623, 625 (2d Cir. 1999) (before a district court may accept a defendant's plea, it must, pursuant to Rule 11(b)(1), "personally inform the defendant of [and ensure that the defendant understands] *each and every right* and other matter set out in Rule 11") (emphasis added).[6]

> B. **The Government Did Not Adequately Anticipate the <u>Alleyne</u> Decision Because it Did Not Ensure that Mr. Davis Understood the Nature of the Section 924(c) Charge and His Constitutional Right to Stand Trial**

The government's second contention, that it engaged in practices that anticipated the decision in Alleyne, is equally unavailing. For support, the government cites its practice of "specifically charging . . . brandishing in the Indictment," and treating brandishing as an element at the guilty plea by (i) listing brandishing as an element the government would prove; (ii)

---

[5] A guilty plea must be an "intelligent choice among the alternative courses of actions open to the defendant." Adams, 448 F.3d at 498. Had Mr. Davis understood his right to have a jury determine whether he aided and abetted in the brandishing of a firearm, a finding which would increase his mandatory sentence by two years, he would have viewed his alternatives differently. (Davis Affidavit ¶ 15). It is for this reason that the government's emphasis is further misplaced.

[6] The government's argument is also contrary to the long line of cases requiring strict adherence to the mandates of Rule 11. See Journet, 544 F.2d at 636 (explaining that the "specific procedure is mandated rather than suggested"); United States v. Parkins, 25 F.3d 114, 117 (2d Cir. 1994) (requiring "strict adherence to the mandates of Rule 11" and explaining that courts will "examine critically even slight procedural deficiencies to ensure the defendant's guilty plea was a voluntary and intelligent choice, and that none of the defendant's substantial rights have been compromised.").

4

providing notice of the enhancement's application to the case; and (iii) requiring the defendant to allocute to facts in support of the enhancement. (Response Brief at 17-18).[7] However, contrary to its assertions, there was no change in the government's policies in anticipation of Alleyne, as it employed identical practices well in advance of the decision, all nonetheless insufficient to ensure that the *defendant* understood his rights under Rule 11(b)(1), as augmented by Alleyne. One of the many deficiencies is the language in Mr. Davis's indictment charging him with aiding and abetting in the brandishing of a firearm, which is nearly identical to language used in indictments well in advance of Alleyne.[8]

With this in mind, in order to have properly anticipated Alleyne, the government should have ensured that Mr. Davis understood his rights, as augmented by Alleyne, in the indictment, plea agreement, and allocution. The government should have explicitly listed, in both Mr. Davis's indictment and plea agreement, all the elements of each offense (and clearly labeled them as such), including brandishing. Though the government alleges that it

---

[7] Nowhere does the government allege that this policy included informing the defendant that post-Alleyne, he had a right to have a jury determine whether he had aided and abetted in the brandishing.

[8] Count Four of Mr. Davis's indictment reads, in relevant part,

> [T]he defendants, and others known and unknown, unlawfully, willfully, and knowingly, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the robbery charged in Count Two of this Indictment, did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying and possession of firearms, *which were brandished.*

(Docket No. 5 at 4 (emphasis added)). In United States v. Ramos, the defendant was also charged with Sections 924(c)(1)(A)(ii) and (2), and Count Five of defendant Ramos's indictment contained nearly identical language,

> [T]he defendant, unlawfully, willfully, and knowingly, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the attempted robbery charged in Count Four of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, *which was brandished* during the crime charged in Count Four.

Superseding Indictment, United States v. Ramos, No. 06 CR 172 (LTS), 2009 WL 3811771 (S.D.N.Y. June 29, 2009) (emphasis added). See also United States v. Thomas, No. 5:05-CR-217 (FJS), 2006 WL 2934378, at *4, n.7 (N.D.N.Y. Oct. 12, 2006) (indictment charging defendants with "aiding and abetting each other, knowing used, carried and *brandished firearms* . . . during and in relation to a crime of violence.") (emphasis added).

"specifically charge[ed] . . . brandishing in the Indictment," (see Response Brief at 17), it merely recited the §924(c) statutory language verbatim, without specifically identifying each element of the offense. Cf. United States v. Reeves, 65 F. App'x 817, 819 (3d Cir. 2003) ("[T]he government specifically alleged brandishing as an element of the charges against him in the indictment."); United States v. Andrades, 169 F.3d 131, 135 (2d Cir. 1999) (In determining whether the defendant understood the nature of the conspiracy charge, the court noted that the indictment did not outline the elements of the offense).[9] Furthermore, during his allocution, Mr. Davis should have been apprised of his right to have a jury determine, beyond a reasonable doubt, whether he had aided and abetted in the brandishing of a firearm.[10] Cf. United States v. Parker, 245 F.3d 974, 976 (7th Cir. 2001) (court denied defendant's motion to withdraw his guilty plea in light of Apprendi v. New Jersey, 530 U.S. 466 (2000) because court had anticipated the Apprendi decision by explicitly informing the defendant during his plea allocution that he had the "right to have the drug quantity determination made by a jury should he go to trial.").

Ultimately, whether, and the extent to which, the *government* anticipated the Alleyne decision is irrelevant. The decisive question is whether *Mr. Davis* anticipated the Alleyne decision, and its potential effect on the nature of his charge and the constitutional rights he would forgo.[11] See Bousley v. United States, 523 U.S. 614, 618 (1998) (court held that if

---

[9] For an example of the changes the government will need to implement post-Alleyne, indictments for a Section 846 offense post-Apprendi are instructive. (See Renewed Motion for Reconsideration at 15-17). See e.g., United States v. Robinson, No. 06-CR-6061CJS, 2007 WL 4206911 (W.D.N.Y. June 18, 2007) (plea agreement included a specific section titled "elements of the crime" and explicitly listed the statutory drug quantity as the third element of a Section 846 offense).

[10] Moreover, despite the government's claims to the contrary, its recitation of the elements (and therefore the nature of the charge) is also at best unclear. (See Response Brief at 7-8).

[11] That Mr. Davis could not have anticipated the Alleyne decision is further underscored by the complexity of the aiding and abetting charge and his limited education. See Andrades, 169 F.3d at 135 (taking into account that defendant, like Mr. Davis, had a "limited education," having only completed the tenth grade);

6

"neither [defendant], nor his counsel, nor the court correctly understood the essential elements of the crime with which he was charged," plea would be void); Irizarry v. United States, 508 F.2d 960, 964 (1974) (explaining that to satisfy Rule 11(b)(1), had to establish *defendant's understanding* of the charge "through personal questioning by the trial judge") (internal citation and quotation omitted). The heart of Rule 11(b)(1) is meant to instruct a court's interchange with the defendant, which is necessary to ensure that the defendant understands his various rights. Therefore, to satisfy Rule 11(b)(1) at the time Mr. Davis pled guilty, this Court would also have needed to anticipate the Alleyne decision and engaged in an appropriate colloquy with Mr. Davis in accordance with the impact of that decision.

C. The Second Circuit's Findings in United States v. Gonzalez Require Mr. Davis be Allowed to Stand Trial

As discussed at length in Mr. Davis's opening brief, in United States v. Gonzalez, 420 F.3d 111, 115 (2d Cir. 2005), the Second Circuit held that when the law recognizes a "new" element of an offense subsequent to a defendant's plea, the defendant is deprived of the "mix of information" necessary to make an informed guilty plea, violating Rule 11(b)(1)(C).[12] (See Renewed Motion for Reconsideration at 16-18). In addition, the Gonzalez court identified a second procedural error, of Rule 11(b)(3), due to the lack of factual support elicited in Mr. Gonzalez's allocution. Gonzalez, 420 F.3d at 116. The court noted that either of these Rule 11

---

United States v. James, 210 F.3d 1342, 1345 (11th Cir. 2000) (holding that "while the charge of using and carrying a handgun during and in relation to a drug trafficking charge is a simple charge, imposing liability on an aiding and abetting theory might not be understood by a lay person without explanation."); United States v. Wetterlin, 583 F.2d 346, 350 (7th Cir. 1978) ("The charge of 'conspiracy' is not a self-explanatory legal term or so simple in meaning that it can be expected or assumed that a lay person understands it."). But see United States v. Saft, 558 F.2d 1073, 1075 (2d Cir. 1977) (emphasizing that defendant was an "experienced businessman").

[12] The court's first holding in Gonzalez was that a plea could not be entered into knowingly and voluntarily if the defendant was unaware of his constitutional right to have a jury determine each element. In Gonzalez, the court vacated the defendant's plea because Apprendi subsequently recognized a new element of a Section 846 offense, depriving the defendant of the critical mix of information to make an informed decision. (See Renewed Motion for Reconsideration at 16-17); Gonzalez, 420 F.3d at 131.

7

deficiencies were sufficient to allow withdrawal of Mr. Gonzalez's plea. Gonzalez, 420 F.3d at 111, 115-16, 131-33. In its attempt to distinguish Gonzalez, the government limits its discussion to the Rule 11(b)(3) deficiency, entirely omitting the Rule 11(b)(1)(C) deficiency, on which Mr. Davies relies. Notwithstanding the government's attempt to ignore Gonzalez, it stands as an independently sufficient basis to allow Mr. Davis to stand trial.

## II. THE GOVERNMENT'S DISCUSSION OF AIDING AND ABETTING LIABILITY IGNORES THE LEGAL REQUIREMENTS ESTABLISHED BY RULE 11(B)(3)

### A. Post-Alleyne, the Government Must Establish That the Defendant Specifically Aided and Abetted in the Brandishing of a Firearm

To satisfy Rule 11(b)(3), a court must match the facts to the legal elements of the crime charged. (See Renewed Motion for Reconsideration at 22). In its Response Brief, the government incorrectly states that "[Mr.] Davis's allocution regarding the brandishing enhancement at the time of his plea would be no different for a defendant today allocating to the brandishing element, post-Alleyne." (See Response Brief at 20). To establish liability as an aider and abettor, the facts elicited during the allocution must establish that the defendant "knowingly and intentionally aided and abetted the principals in *each essential element*[] of the crime." (See id. at 25). Therefore, in order to satisfy Rule 11(b)(3) post-Alleyne, the defendant's allocution must establish that the defendant took some conscious action to specifically further the brandishing of a firearm. (Renewed Motion for Reconsideration at 27-29). Mr. Davis did not plea to any such facts, rendering the brandishing element of his plea unsatisfied. (Docket No. 62, Transcript of April 20, 2012 Plea Hearing (hereinafter, "Plea Allocution") at 20:15-23).

### B. The Strict Requirements of Rule 11(b)(3) Are Not Satisfied by Vague References to a Plan

It is well-established in this Circuit that a defendant can only be convicted as an aider and abettor under Section 924(c) if "he performed some act that directly facilitated or encouraged the use or carrying of a firearm." United States v. Medina, 32 F.3d 40, 45 (2d Cir. 1994);[13] (see Renewed Motion for Reconsideration at 3). The government must establish more than the defendant's mere knowledge that a firearm would be brandished. Id.

Mr. Davis's statements at his allocution are insufficient to establish that he aided and abetted in the brandishing of a firearm.[14] (See Response Brief at 10; Plea Allocution at 20:15-23). At best, these statements[15] merely establish Mr. Davis's agreement with a co-conspirator to rob a store, and his knowledge that a co-conspirator would carry a gun to intimidate the store clerk.[16] Absent from this allocution are any specific details of an affirmative act undertaken by Mr. Davis in order to consciously facilitate his co-conspirator's brandishing of

---

[13] Since Medina was decided pre-Alleyne, a defendant only needed to aid and abet the use or carrying of the firearm, whereas now 924(c)(1)(A)(ii) liability is predicated on the defendant having specifically aided and abetted in the brandishing.

[14] It is important to consider that much of the factual basis elicited by the government was through yes/no responses, rather than open-ended questions. See United States v. Couto, 311 F.3d 179, 186 (2d Cir. 2002) (emphasizing that "at the plea allocation, [d]efendant made no specific admissions beyond her statement 'yes, that's what happened.'"); Andrades, 169 F.3d at 135-36 (holding that district court did not comply with Rule 11(b)(1) and emphasizing that district court's efforts to ensure that defendant understood the nature of the conspiracy charge was limited to reading the charge and eliciting a "yes, sir" response from the defendant).

[15] The government misrepresents Mr. Davis's colloquy. Mr. Davis did not state, as the government claims, that "it was part of the plan of the robbery that *they* use guns;" (See Response Brief at 18 (emphasis added)) he merely stated that "a plan of the robbery [was] that *someone* would be carrying a gun." (Plea Allocution at 20:18-19 (emphasis added)). The government also incorrectly states that Mr. Davis "affirmatively *admitted* to [brandishing of the firearm] during his allocution." (Response Brief at 20 (emphasis in original)). To the contrary, during his allocution, **Mr. Davis unequivocally denied that he brandished a firearm.** (Plea Allocution at 20:4-5).

[16] The governments' emphasis and reliance on Mr. Davis's testimony of an "agreement" is inadequate where, as here, the government has asserted liability based on an aiding and abetting theory, rather than conspiracy, which imposes a higher burden. See Polanco v. United States, 935 F. Supp. 372, 375-76 (S.D.N.Y. 1996), aff'd, 112 F.3d 505 (2d Cir. 1997) ("[R]equiring reasonable foreseeability if extending responsibility under conspiracy theory, and specific knowledge and affirmative act relating to firearm if culpability is to be extended through aiding and abetting . . . .") (internal citation omitted).

the firearm. There was no testimony that Mr. Davis was the ringleader or organizer of the group, that he supplied the firearm, or that he otherwise instructed his co-conspirator to carry a firearm. Cf. United States v. Martinez, No. 10-CR-74, 2013 WL 5754862 (E.D.N.Y. Oct. 24, 2013) (finding that defendant directly facilitated the using and carrying of a firearm in connection with murder by providing the firearm and taking measures to ensure that the plan to kill the victim was successful); United States v. Rose, 251 F. App'x 708, 710 (2d Cir. 2007) (finding that defendant could be convicted for four offenses under Section 924(c) where the defendant had "*substantial involvement* in planning the robberies and in facilitating the use of firearms in connection with those robberies.") (emphasis added); (see Renewed Motion for Reconsideration at 26-29).

In suggesting that Mr. Davis's admission to an illusory "plan" is sufficient – one which clearly outlined the responsibilities of Mr. Davis's co-conspirator, while noticeably not specifying any role for Mr. Davis in procuring the firearm, – the government is asking this Court to fill-in-the-blanks regarding Mr. Davis's role in the firearm offense, without any factual support in the record. The defendant assumes that the government's introduction of facts not in the record in its Response Brief is an attempt to draw the Court into such an impermissible determination.[17] United States v. Garcia, No. 03 CR.1098 HB, 2004 WL 3019501, at *3 (S.D.N.Y. Dec. 29, 2004) ("[T]he Court may not make broad assumptions about the evidence the prosecutors might present and the possible strength of that evidence in lieu of considering and crediting the evidence that the prosecutor had *actually* presented.'") (emphasis in original)

---

[17] In an attempt to prejudice this Court, the government includes in its Response Brief a lengthy, prejudicial, and inaccurate narrative of Mr. Davis's alleged role in the robberies, one which is wholly unsupported by the record, which Mr. Davis strongly disputes, and is precisely why Mr. Davis wants to assert his fundamental right to stand trial. (See Response Brief at 3-5).

(internal citation and quotation omitted).[18] (See Response Brief at 18, 22). However, under long-established Second Circuit precedent, this Court must determine the validity of Mr. Davis's guilty plea based on the *evidence presented at his allocution.* Garcia, 2004 WL 3019501, at *3. Failing to demonstrate any factual basis for aiding and abetting in the brandishing of a firearm, this Court should allow Mr. Davis to withdraw his guilty plea pursuant to Rule 11(b)(3). See, e.g., Garcia, 2004 WL 3019501, at *4 ("In my view, it is far better to err on the side of caution and grant a defendant's motion to withdraw his plea where the circumstances suggest that there may have been an actual or perceived encroachment on his rights.").

### III. THE ONLY AUTHORITY PRESENTED TO THIS COURT DEMONSTRATES THAT MR. DAVIS MUST BE ALLOWED TO WITHDRAW HIS ENTIRE GUILTY PLEA

The government provides no authority whatsoever for its claim that the appropriate remedy for the Due Process violations suffered by Mr. Davis would be to simply reduce the mandatory minimum sentence by two years. (See Response Brief at 23-24). It does not even attempt to rebut or distinguish the cases cited in defendant's Renewed Motion for Reconsideration, arguing that Mr. Davis should be allowed to withdraw the entirety of his guilty plea. As previously briefed, plea agreements are an "indivisible" "package deal," such that if a court vacates a defendant's plea for one offense, it should allow the defendant to withdraw his entire plea. (See Renewed Motion for Reconsideration at 31-32); see also Clue v. State, 615 S.E.2d 800, 803 (Ga. Ct. App. 2005) (plea agreement can be construed as "a 'package' deal, the

---

[18] Additionally, the government's citation to United States v. Maher, 108 F.3d 1513 (2d Cir. 1997), for the proposition that this Court should consider the entire record, which includes "defendant's own admissions, information from the government, or other information appropriate to the specific case," is taken out of context. (See Response Brief at 21). In Maher, the government had presented *evidence* during two weeks of trial, through testimony of twenty-five of its twenty-six scheduled witnesses when defendant moved to withdraw his plea. Therefore, the "Maher trial court . . . simply consider[ed] and credit[ed] the evidence that the prosecutor had *actually presented.*" Couto, 311 F.3d at 186; see also Adams, 448 F.3d at 502 (stating that the "government's indictment may [not] be bootstrapped . . . to provide a factual basis to support a guilty plea when defendant never admitted to the elements necessary for conviction but merely agreed to plead guilty to them.").

terms of which should not be treated in isolation from one another but rather as a cohesive whole"); Washington v. Turley, 69 P.3d 338, 402 (Wash. 2003) (stating that when a defendant pleads guilty to a multi-count indictment, the plea agreement "will be treated as indivisible"); Rojas v. Maryland, 450 A.2d 490, 494 (Md. 1982) ("fairest remedy is to rescind the entire plea agreement"); New York v. Sellers, 635 N.Y.S.2d 773, 774 (App. Div. 1995) (explaining that plea to second offense must also be vacated because it was "part and parcel of the plea bargain;" W. Va. ex rel. Gessler v. Mazzone, 572 S.E.2d 891, 897 (W. Va. 2002) (plea agreement must be viewed as one unified agreement with separate offenses "inextricably intertwined").

## CONCLUSION

For the reasons set forth above and in Mr. Davis's opening brief, Mr. Davis respectfully requests that his motion be granted in its entirety, and that he be afforded the fundamental right to stand trial.

Dated: November 27, 2013
New York, New York

                              Respectfully submitted,
                              Linklaters LLP

                              By: /s/ Lance Croffoot-Suede
                                    Lance Croffoot-Suede
                                    Patrick C. Ashby
                                    Efrat F. Fish
                                    1345 Avenue of the Americas,
                                    New York, NY 10105
                                    (212) 903-9000
                                    (212) 903-9100 (fax)

                                    *Attorneys for Alfredo Davis*